IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL TAYLOR,**
    **Plaintiff,**

**v.**      **CIVIL ACTION NO. 3:18-CV-183 (GROH)**

**KIMBERLY PATRON, and**
**MICHAEL MARTIN,**
    **Defendants.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Plaintiff is a state inmate presently confined at Huttonsville Correctional Center, in Huttonsville, West Virginia. He was sentenced on June 1, 2016, for his conviction for four counts of sexual assault in the third degree in the Circuit Court of Preston County, West Virginia, case number 15-F-56. His projected release date is April 6, 2026. https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search. On November 8, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights, in relation to injuries Plaintiff suffered to his right hand in November 2017. ECF No. 1. He was confined at Huttonsville Correctional Center when the events occurred which led to the filing of his complaint.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed without prejudice for failure to state a claim.

### II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff's complaint listed five grounds for relief all of which relate to an injury to his right hand. Plaintiff does not claim that either defendant caused the initial injury to his hand, but he appears to assert that because of defendants' inaction, he suffered further injury to his hand. He articulates his grounds as follows: (1) "medical director[1] refused timely outside medical"; (2) "medical director refused timely specialist appointment"; (3) "medical director refused extensive physical the[rapy]"; (4) "acting warden refused/rejected grievances"; and (5) "Kimberly Paton/Acting warden Michael Martin". ECF No. 1 at 7 – 8. Although not the epitome of clarity, it appears that Plaintiff believes his constitutional rights were violated when the medical director and acting warden did not ensure Plaintiff received the level of medical care which Plaintiff desired.

In the supporting facts section for each claim, Plaintiff asserts: (1) "Inmate medical request, W.V. Division grievance forms, interdisciplinary progress notes"; (2) "dislocation could have been repaired if sent [in] a timely manner"; (3) "initial examination given by Elkins physical therapy"; (4) "all active grievance[s] in this case"; and (5) "Lack of mobility in right hand wrist and arm [due] to the lack of medical care." ECF No. 1 at 7 – 8.

Plaintiff claimed that after he was injured, he suffered "lack of mobility in right hand, wrist and arm [and his] fingers are crooked and disfigured [and] will not gain full mobility [due] to lack of medical care." Id. at 9. Plaintiff seeks "whatever this court deems necessary" as relief. Id.

On December 27, 2018, Defendant Michael Martin ("Martin") filed a motion to dismiss and accompanying memorandum of law. ECF Nos. 15, 16. Martin argued that Plaintiff failed to allege that Martin was acting under color of state law at the time

---

[1] In her memorandum in support of her motion to dismiss, Kimberly Paton asserts that her title is "Health Services Administrator", not "Medical Director". ECF No. 29 at 2.

Plaintiff's claims arose, and that Martin was entitled to immunity under the discretionary function exception to liability. ECF No. 16 at 6. On January 3, 2019, the Court issued a <u>Roseboro</u> notice. ECF No. 17. On January 14, 2019, Plaintiff filed a response to Martin's motion to dismiss. ECF No. 21. Therein, Plaintiff asserted that he merely checked the wrong box on the Court-approved form, and that he wished to amend[2] his complaint to allege that both defendants were acting under authority or color of state law at the time his claims arose. <u>Id.</u> at 1.

On May 8, 2019, Defendant Kimberly Paton ("Paton") filed a motion to dismiss and memorandum in support thereof. ECF Nos. 28, 29. Paton argued that Plaintiff failed to establish that Paton was deliberately indifferent to his serious medical needs, and that Plaintiff failed to exhaust his administrative remedies. ECF No. 29 at 4. On May 9, 2019, the Court issued a second <u>Roseboro</u> notice. ECF No. 30. On May 24, 2019, Plaintiff filed a motion for extension of time to file a response, which the Court granted on May 28, 2019. ECF Nos. 33, 34. Despite being granted the extension of time to file a response, Plaintiff has failed to file any response to Paton's motion to dismiss.

### III. LEGAL STANDARD

#### A. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and

---

[2] Although Plaintiff indicated his wish to amend his complaint, he did not file either a motion to amend or an amended complaint.

3

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

B. § 1983 Claims

The Supreme Court has held that:

5

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

### C. Defendants' Direct Liability under Eighth Amendment Claims

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Supreme Court in Estelle explained that such deliberate indifference ranges from, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently grave," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson

6

v. Seiter, 501 U.S. 294, 298 (1991). The Fourth Circuit restated the rule as, "The first prong is objective and requires that the deprivation be 'sufficiently serious'; the second requires us to determine whether subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016) (internal citations omitted).

As to the first prong, a serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). In King, supra, the Fourth Circuit wrote that as to the second prong:

> Only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment. The requisite state of mind is thus "one of deliberate indifference to inmate health or safety." While "deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."

825 F.3d at 219 (internal citations omitted). In Farmer v. Brennan, 511 U.S. 825, 837 (1994), the Supreme Court held that:

> We hold [ ] that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

7

"It is obduracy and wantonness, not inadvertence or error in good faith that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . ." Whitley v. Albers, 475 U.S. 312, 319 (1986) (citations omitted; internal quotation marks omitted). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2nd Cir. 2003)).

### D. Defendants' Supervisory Liability Under Eighth Amendment Claims

"Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). As stated by the Fourth Circuit, because there is no *respondeat superior* liability under § 1983, supervisory liability lies only "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997) (citing Bennett v. Gravelle, 323 F.Supp. 203, 214 (D. Md. 1971) aff'd 451 F.2d 1011 (4th Cir. 1971); Harris v. City of Virginia Beach, 11 Fed. Appx. 212, 215 (4th Cir. 2001). Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1133 (4th Cir. 1982) (abrogated on other grounds by

8

County of Riverside v. McLaughlin, 500 U.S. 44 (1991)).

"We have set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."  Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), Cert. denied, 513 U.S. 813 (1994) (citations omitted).

"To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, 13 F.3d at 799, citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). "A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses," however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

## IV. ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted. Actions authorized under §

9

1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." <u>Wyatt v. Cole</u>, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. <u>Gomez</u>, 446 U.S. at 640.

Plaintiff named as defendants administrator Martin, and Health Services Administrator Paton. Plaintiff initially alleged that <u>neither</u> defendant was "acting under the authority or color of state law at the time these claims occurred." ECF No. 1 at 2. In his response to Martin's motion to dismiss, Plaintiff claimed he checked the wrong box on the form complaint and sought to "amend" his form complaint to reflect that <u>both</u> defendants were acting under authority or color of state law at the time his claims occurred. ECF No. 21. If this Court were to consider Plaintiff's original claims against Defendants as not operating under authority or color of state law, the complaint would be appropriate for dismissal for failure to state a claim upon which relief may be granted. However, even when considering his complaint as amended which alleges that both Defendants were acting under authority or color of state law, Plaintiff fails to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion as provided in § 1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

10

whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 532 (2002).

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. §1915A to dismiss the case *sua sponte*. Id. at 682.

Here, one of the two defendants, Paton, has raised Plaintiff's failure to exhaust as grounds for dismissal. This Court has considered Paton's argument on exhaustion as it applies to both Paton and Martin. As argued by Paton, Plaintiff attached to his complaint documents from six separate grievances which he filed, those being:

(1) 17-HCC-C-05, filed on January 5, 2017 [ECF No. 1-1 at 1 – 2];

(2) 17-HCC-C-27, filed on February 21, 2017 [Id. at 3];

(3) 17-HCC-C-52, filed on March 30, 2017 [Id. at 4 – 5];

(4) 17-HCC-C-84, filed on May 1, 2017 [Id. at 8 – 9];

(5) 17-HCC-C-85, filed on May 17, 2017 [Id. at 6 – 7]; and

(6) 17-HCC-C-90, filed on May 23, 2017 [Id. at 10 – 11].

By initialing the space for "Appealed to Commissioner" on each grievance form, it appears that Plaintiff indicated his intention to appeal the resolution of all six claims. ECF No. 1-1 at 1, 3, 4, 8, 6, 10. However, Plaintiff has not demonstrated that he actually appealed any of the claims, or made any attempts to do so, other than by initialing the form to indicate an intention to appeal. Id. Consequently, it is apparent

11

that Plaintiff failed to exhaust his administrative remedies for any of his six grievances before filing this action in federal court. Because the failure to exhaust is clear on the face of the complaint, *sua sponte* dismissal of this action is appropriate.[2]

However, even if Plaintiff did exhaust his administrative remedies, he still fails to state a claim upon which relief may be granted. A "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), quoting Bell Atl. Corp. v. Twombly (emphasis added). Plaintiff appears to allege that Martin and Paton were directly responsible for his lack of desired medical care, although both Defendants are clearly supervisors. To state a claim for direct liability for an Eighth Amendment violation for ineffective medical assistance, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical needs. First, Plaintiff has not demonstrated that his medical needs are serious, or that either Martin or Paton was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that either Martin or Paton drew such an inference. Second, Plaintiff has failed to demonstrate that either supervisory Defendant was deliberately indifferent to Plaintiff's medical needs.

---

[2] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms). Here, plaintiff has failed to set forth any reason to excuse his failure to exhaust.

Pursuant to Morales, supra, a constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." With his complaint, Plaintiff submitted grievance records which appear to document that Plaintiff was provided with reasonably prompt non-emergency medical care [ECF No. 1-1 at 9], including physical therapy [Id. at 5], and appointments with specialist physicians [Id. at 9]. As noted in the rejection of Plaintiff's grievance 17-HCC-C-84, Plaintiff's "medical care was delivered in a timely manner, and since this was not an emergency, when [Huttonsville Correctional Center] make[s] specialty appointments for our patients, we must go by the specialists' availability." Id. at 9. Provision of such medical care as documented in Plaintiff's own exhibits undercuts his claims that Defendants failed to provide him with appropriate medical care.

Finally, Plaintiff fails to demonstrate that Defendants, both supervisors at Huttonsville Correctional Center, were directly liable for his claimed[4] injuries. Plaintiff does not allege that he can demonstrate any of the three prongs of the Shaw test to demonstrate supervisory liability, nor does he attempt to do so. "To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." 13 F.3d at 799.

---

[4] The Court notes that Plaintiff does allege in Claim 4 that the acting warden, Martin, refused his grievances, however, such rejection of grievances did not amount to a Constitutional injury.

13

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. <u>Weller v. Dep't of Soc. Servs. for City of Baltimore</u>, 901 F.2d 387, 391 (4th Cir. 1990). Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named defendants while acting under the authority or color of state law subjected, or caused him to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, or that direct or supervisory liability is appropriate for either Defendant.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed with prejudice.

## V. RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a claim upon which relief can be granted. This Court further recommends that both Martin's motion to dismiss [ECF No. 15] and Paton's motion to dismiss [ECF No. 28] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20)

handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the pro se Plaintiff at his last known address as listed on the docket and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 27, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE